17-1177 Yanko v. United States Speaker Gil Skepner as Justice Kenda Mr. Scepter, when are you ready? Ambassador Robert S. Kenda  I'm Ira Leshner representing Michael Yanko and the class of part-time employees who are entitled to be paid when they get a holiday by virtue of the In-Lieu holiday statute. There are three statutes here and one executive order that involves this case. This case is nowhere near as complicated as the three cases we've heard this morning. We do know from the fat-towered decision of this court and from our own observation that when Congress uses the word employee in this context, when Congress uses the word employee, it covers both full-time and part-time employees. Now, there is not one word, not one sentence, not one intimation in the three statutes and the executive order that Congress has ever intended to exclude part-time employees from In-Lieu holiday. It just is not there. Let me ask you a question about this hex to the statute. Is there any place in the statute where the term basic workweek is used explicitly in connection with part-time employees? Now, not by reading into the word employee, both full-time and part-time, but is there any place where basic workweek is equated to or used with specific reference to part-time? Yes, I believe in our brief we have some, not in these three statutes. No, but is there anything else in this set of statutes? No, because the Congress very clearly encompassed employees are entitled to paid holidays, employees are entitled to In-Lieu holidays, and it's very easy when Congress wanted to and did repeatedly in these statutes. When it wanted to apply to full-time employees, it said 40-hour workweek. Now, part-time employees, by definition, do not work one kind of workweek. They work 16 hours, 18 hours, 22 hours, 25 hours, so it is virtually impossible from a congressional point of view to identify part-time employees with that kind of specificity. Whereas by using the word employee, and as Fattower very clearly stated in the very same statute with respect to Sunday, that Congress intended, obviously, to include part-time employees as well as full-time employees, they are employees of the United States. Now, what Congress did very clearly, and I'd like to show, and I'll be very, very brief because it really is the crux of the issue, the court below and the government's argument that, by the way, the government admits and acknowledges that part-time employees are included as employees within the context of these statutes. So the court below made a very critical finding, and the whole case rests on that critical finding, and the finding of the court below and the government's argument here today is that part-time employees are not scheduled to work a basic workweek. A basic workweek. They don't have a basic workweek. Now, other than the obvious reasoning that no federal employee shows up for work whenever they want to and leaves whenever they want to, they are scheduled to work. Everybody has a basic workweek, and Congress subdivided. In 6101.3, Section 3, Section 2, the Congress worked with the fact that full-time employees have, quote, an administrative workweek of 40 hours. That was Section 2, A and B. And then Congress went on in B to say that the head of every agency, every single agency in the federal government is instructed by this statute, 6101, that this is what they must provide with their employees. So 2A deals with the administrative workweek of 40 hours for each full-time employee. That's what every head of every agency must provide. And B, require that the work within that workweek, Congress said, that workweek, obviously directly referring to A, is that has to be performed within 6 of any 7 consecutive days. Then it moves on into Section 3. And in Section 3, Congress instructed the head of every single executive agency, military departments, that with respect, quote, with respect to each employee in his organization, each employee in his organization, there's subsections A through F. Subsection A could be either part-time or full-time. Subsection B clearly deals with full-time employees. The basic 40-hour workweek is scheduled on 5 days, Monday through Friday.  Congress said the working hours in each day in the basic workweek are the same. It's a distinction as to the way they dealt with full-time employees in which in B, right above it, 40-hour workweek, and then in C, and in E, and in F, it talked about basic workweek for every employee, each employee. Now, if the Congress is talking about each employee, it can't mean only full-time employees. But if it's using the term basic workweek to mean a 40-hour week, then C excludes part-time. Not if you read the Section 3. Section 3, Your Honor, says very clearly, with respect to each employee in his organization. Right, but not all of A through E, or A through F, apply to part-timers. Well, A through F is a section of 3. That's right. And so we know that 3 doesn't apply to all employees because some of the subsections of 3, specifically, at least B, for example, doesn't apply to part-timers, right? Right, because it specifies it. So we know that A through F don't include, they don't all include both part-time and full-time. No, Congress distinguished between one or the other. Congress said in this particular instance, 40-hour workweek. In that particular instance, it didn't say that. It said all employees. And by saying, specifically, with respect to each employee, the subsections must refer them to each employee unless the subsection is specifically designated for full-time, which it does in B, full-time, but in C, E, and F, it doesn't mention full-time. But that assumes that the term basic workweek means not just 40-hour workweek, but can mean a basic workweek of less than full-time. But that's an assumption that the government challenges. And what I'd like to know is, why is that assumption necessarily wrong? Well, if we're talking about all employees in the federal government, and Congress says, this applies to people who are full-time, and this applies to everyone else, it must mean that that's part-time. It's not that expressed, though. All it says is, it says basic 40-hour workweek, and then says basic workweek. I mean, the question is, why is the interpretation of basic workweek as being a shorthand for 40-hour, basic 40-hour workweek, why is that incorrect? From a legislative point of view that you're reviewing, why would Congress have specified 40-hour workweek in one subsection, and not a 40-hour workweek in the other subsection, when it is prefaced? And this is important, I think, when the preface is, each employee within the organization, every federal employee. So, Alford, your position, I just don't know this, but your position is that this is the way it works, when working hours in each day for every part-time employee have to be the same. No, it says that each employee has their own basic workweek. Well, it says in Part C, the working hours in each day and the basic workweek are the same. And you're saying that what this means is that for both full-time and part-time employees, the working hours in each day must be the same. So, for a part-time employee, it's 9 to 12 every day. For a particular employee. For a particular employee. And you're saying that is what C means? Well, that's what it says. Well, but does it mean that with respect to part-timers, is the question that we're struggling with. You're assuming your conclusion by saying, well, of course it does. Well, we start with a premise, number one. The first premise is that when dealing with employees, and Congress deals with that in 5546, when Congress deals with that in 6301, when Congress deals with that in 101, when Congress deals, when the president deals with it in the executive order, it's always employee, employee, employee, employee, which is Fattower's decision. And just common sense means it's the employees of the federal government. Part-time, full-time. Now, there is an exception for intermittent employees. But I think the question is, can we just focus back on the question, which is on subpart C, how do we apply working hours in each day in the basic work week are the same to part-time employees? How does that work? How do you want to apply it to a full-time employee? Well, why don't you ask my question? Every full-time employee does not work nine to five. Well, I'm asking about part-time employees. Well, it's the same thing. For each employee, the working hours for that employee is the same. All right. In other words, if they have two days, the sentence itself cannot mean that it applies only to full-time employees. It makes no sense for full-time employees. What I'm struggling with is, for a part-time employee, why would they have to work from 9 to 12 every day, Monday through Friday? Maybe some days they would not work at all, Monday through Friday. First of all, that sentence has nothing to do with this case, per se. We're not talking about it. The claims in this case have nothing to do with that sentence. The claims in this case deal with in-lieu holidays. I understand, but you were giving it as an example for how we should interpret the basic work week, and how it's distinguished. I'm looking at it, and I'm thinking, one contrary point to that might be that it doesn't seem like it would apply to part-time employees. It wouldn't apply to full-time employees either, under your assumption. I don't understand why. Well, you're saying that the working hours in each day in a basic work week are the same. Yeah. Now, if you're a full-time employee who works from 9 until 5, that's one. Another one works from 10 until 6. Someone else works from 12 until 12. We're talking about with respect to each employee. We're not talking about the group. Talking about each employee. Each employee's work week during a work week is the same. The working hours in each day in the basic work week are the same, in the sense that when the work day, when they're performing work in the work day, all of the hours are working hours, with the exception, obviously, of when they're given lunch or dinner. But it makes no sense if you're saying it makes no sense for part-time employees. It makes no sense for full-time employees. And it doesn't really have anything to do with the case, other than the fact that Congress distinguished between 40-hour work week and everybody else. Look at, if you would, F. Breaks in the working hours of more than one hour may not be scheduled in a basic work day. E. The occurrence of holidays may not affect the designation of the basic work week. Perfectly logical. So, what I'm saying is you have to build all of these concepts together. 55-46 in terms of pay for holidays. 61-03 the in-lieu holiday. And then when you look at the president's order, there's clear distinction between full-time employees and part-time. Section 3 clearly deals with all employees. An employee whose basic work week does not include Sunday, in Section 3a, and b, any employee whose basic work week includes Sunday. Both sections using any, any employee. Okay, you've exceeded your time. And I know you didn't reserve any rattle-top. So, let's listen to the government in NAVA. Good morning. May it please the court. A plain reading of the federal pay statutes, many decades of administrative rulings, and OPM's own controlling regulations all plainly provide that only employees who work 40 hours or full-time employees are entitled to in-lieu of holidays. The fact that part-time workers are deemed to be employees for purposes of Section 55-46, which was the issue this court addressed in Fathauer, doesn't answer the question in this case of whether, as part-time employees, they're entitled to premium pay for working on days that would be deemed to be in-lieu of holidays for other workers. That's the issue in this case. You use the word plainly. So, I take it that your position is that there's absolutely no ambiguity whatsoever in this statute. That the term basic 40-hour work week is equal to basic work week, which equals full-time. And one simply would be nuts to read it any other way. Or even to think it was ambiguous. Well, Your Honor, I think the best case scenario here for Mr. Yanko is that the statute is ambiguous, in which case you'd resort to the regulations. Right. But my question, and really what I be candid with you when I read the statute, I thought it was at least ambiguous. And so, when you come in and say, well, it just plainly, that's plainly has to be read to mean basic work week equals 40 hours, then I'm immediately wondering what it is that you've got that's more than I saw. Well, Your Honor, I'd have two responses to that. The first is that it's correct that section 6103 itself, which lists the holidays and explains how in-lieu of holidays work, that doesn't itself define the term basic work week. But if you look at section 6101, as the court was earlier with Mr. Lesher, the only time that the phrase basic work week is given any contextual reference in 6101 is in the context of 40-hour work week. Well, but you could turn that around and say that when it mentions, when it wants to refer to 40 hours as the basic work week, it specifically calls out 40-hour work week. It doesn't say work week, in effect, parenthesis, which we all know means 40 hours. So, if you look at 6101A3B, the basic 40-hour work week, if basic work week meant 40 hours, clearly, plainly, as you say, then it would seem to me that words 40 hours is unnecessary there. But they've put it in, which suggests to me maybe the term basic work week doesn't carry with it the 40-hour suggestion. Your Honor, I think that that... Or at least it is plain that it does. Yes, Your Honor. I think that that particular subsection A3B is, in fact, very instructive. Because in the very same phrase of that sentence, the drafters of the statute said the basic 40-hour work week is scheduled on five days, Monday through Friday when possible. And the two days outside the basic work week are consecutive. So, they connected basic work week right there with 40-hour work week. And so, you think that they were just being... This was just shorthand. Yes, Your Honor. And to the extent there was any doubt about that, the Comptroller General on five different occasions... There's no doubt that you have a very compelling set of Chevron-type arguments to be made here. The Comptroller General, you've got the OPM regulations. And the OPM regulations are quite explicit. And OPM is authorized to issue regulation of that effect. What I'm concerned with, though, is the Chevron step one question of whether this is an unambiguous statute or whether we have to resort to Chevron step two. And your position, I take it, is this is Chevron step one, no questions about it. Well, I think, Your Honor, it's both Chevron step one and step two if the court has to get there. But under step one, as I was saying, because the Comptroller General has interpreted basic work week all the way back to 1953 as meeting 40 hours, Congress then, on nine different occasions between 1966 and 1998, amended section 6101 and section 6103 in different ways. And on none of those occasions did Congress seek to further define basic work week or to explicitly undo the Comptroller General's... I've always found congressional acquiescence arguments to be uniquely weak. I mean, that suggests Congress is sitting down saying, I was reading the Comptroller General's opinion from 1953 and I think it's spot on. So let's not change the statute. It really is not a realistic assessment of the way Congress goes about its business normally unless there's been some adverting to the problem and a decision, an express decision, either to change or not to change the statute. So I don't think you get much ammunition out of that. Does the fact that 6101, the heading to it, is basic 40-hour work week, semicolon work schedule, semicolon regulations, does the fact that that phrase is used in the heading support the argument that any reference in this whole statute is actually talking about the basic 40-hour work week? Your Honor, I think it is instructive. The trial court cited two different Supreme Court cases, the Pennsylvania Department of Corrections and the Florida Department of Revenue decisions, both of which support the notion that as a statutory interpretation tool, while a section or chapter heading can't contradict the plain language of the text of the statute, if there's ambiguity in the text, the title of the statute or the section can be instructive in providing guidance as to what the text means if the text is ambiguous. So yes, that is a further... But the counterpoint that your friend has, among others, I guess, is under 3, it says shall provide with respect to each employee in his organization. And that clearly suggests that we're not just talking about each full-time employee,  Is that not a fair reading of that phrase? And why doesn't that sort of at least raise some ambiguity with respect to this section in its entirety? Yes, Your Honor. It is correct that subsection A3 says that each agency, with respect to each employee, has to establish these different things that are then enumerated. But the fact that the agency has to establish things for each employee doesn't necessarily mean that every one of those things would apply to each employee. As the court noted, some of them explicitly referenced 40-hour work weeks, and so plainly those wouldn't apply to part-time employees. Only B, right? B is the only one. Yes, B. Other provisions would, on their face, cover both part-time and full-time employees, like the basic non-overtime work day may not exceed eight hours. But the fact that the agency has to establish things for each employee doesn't mean that every one of those things would even apply to every employee. The point is for each employee who works a basic work week, the agency has to do these things. And for other employees, where the term basic work week isn't included, part-time employees presumably would be included or encompassed within the scope of that. Do you happen to know if OPM, as a matter of policy, government-wide, directs agencies to establish a basic work week for part-time employees? Well, no, I don't believe they do for establish a basic work week for part-time employees because OPM's interpretation of the statute and its regulations is that part-time employees don't work a basic work week. Well, I understand, but I'm just wondering whether if I'm a part-time employee and I say, you know, I'd like to work from 9 to 12 every day, five days a week, have I got a right to equivalent rights, put it that way, to what a full-time employee would have under the statute to have a basic work week? OPM defines other terms in its regulations like regularly scheduled administrative work week, which explicitly on its face, there's language that applies to both part-time and full-time. I see, so they use different terminology when they're referring to the part-timers get their rights under the administrative work week regulation? Yes, Your Honor, and so that shows that OPM had the ability and that is in 5 CFR section 550.103. They define the term regularly as scheduled administrative work week, the language for both full-time employees and part-time employees. And that, you say, supports your view that basic work week is a term of art that only applies to the 40-hour workers? Correct, Your Honor, because in the regulations as in the statute, the only way that basic work week is defined is by reference to 40 hours. And the fact that OPM demonstrated through defining other terms that it understood the need to distinguish between part-time and full-time when the regulation applied to both shows that basic work week only applies to full-time employees. And so to the extent the court had to get beyond Chevron step one and got to the second step, you have numerous different regulations here that were enacted by OPM that was empowered by Congress to do so, all of which link basic work week solely to full-time 40-hour employment. One thing I wanted to ask you to tease out for me is something that was in one of the comptroller general opinions, but you alluded to it in your brief, and that is the situation in which an employee may be only working, a part-time employee may be only working two days a week and then ends up with a disproportionate number of in-lieu holidays. I generally understood the point you were making, but could you maybe flesh that out with an example to make it clear? Let me ask it this way. Would that apply with even more force to someone that worked one day a week? Or would it be a minimum of two in order for that example? The point of the example, as you recall, of course, is that it was an anomaly that the comptroller general said Congress couldn't intend to this because this would be the result. Right. Well, yes, in the example in the comptroller general's decision was someone who works Tuesdays and Wednesdays. Right. And under Section 6103, if a federal holiday falls on a Saturday, an employee with a basic work week gets the prior day off and to be accompanying executive order. If the holiday falls on a Sunday, a basic work week employee gets the next work day off. And so the example was that somebody who works Tuesday and Wednesday, if the holiday falls on a Saturday, they would get, I guess, the prior Wednesday off. If it falls on a Sunday, they get the next Tuesday off. And so what you'd have is a situation where the less number of days a part-time employee works, the greater proportion of time they would get off as an in-lieu of holiday compared to a full-time employee. And I think the other point there is that... The proportion being the proportion of holidays versus the number of total days that the employee works in the course of the year. Yes, correct. And also the point of the in-lieu of holidays, the in-lieu of holidays is recognized on the day before or the day after the holiday. And if you have somebody who's only working a couple of days a week, under Mr. Yanko's interpretation, the in-lieu of holiday would be recognized for that employee potentially three or four days removed from the actual holiday, which, again, doesn't really make sense in terms of what the purpose was behind in-lieu of holidays. And I think demonstrates why, as a policy matter, it made sense for Congress and then certainly OPM and the regulations to limit in-lieu of holidays to full-time employees. And for the second part of my question, does that apply with even more force to someone that works one day a week if there is any such person? Or is there something where I got confused and what I wasn't able to work out by myself is whether there's something about the day before, day after holidays that makes two days of working somehow the situation in which the anomaly is most pertinent. Would it apply twice as much in a one-day situation? Yes, if you had a part-time worker who was working one day a week, then they would get their entire week off any time there was a holiday any time in the week. That would be the result. The in-lieu of holiday would be recognized on their one day regardless of what day of the week the holiday actually fell on. So that would be presumably even more bizarre than the result of someone working Tuesday and Wednesday. Thank you. We would ask that the court affirm the trial court's decision. Thank you. We thank both sides and cases submitted that conclude their proceedings for this morning.